

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUEEN MARY, INCORPORTAED, a Washington Corporation<br><br>Plaintiff,<br><br>vs.<br><br>THE QUEENS' TEA, LLC, a Utah Limited Liability Company<br><br>Defendant. | MEMORANDUM IN SUPPORT OF MOTION QUASH THE SUMMONS AND TO DISMISS THE COMPLAINT FOR LACK OF IN PERSONAM JURISDICTION<br><br>Civil No. 14 cv 1385<br><br>Judge Robert S. Lasnik |

The Defendant, The Queens' Tea, LLC. ("TQT"), pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and 12(b)(2), specially appears to contest service of process and/or *In Personam* Jurisdiction and respectfully submits this Memorandum in Support of its Motion to Quash the Summons and Dismiss the Complaint for Lack of In Personam Jurisdiction filed by Queen Mary, Incorporated ("Plaintiff"), as follows:

# I. INTRODUCTION

In this action, Plaintiff filed a Complaint ("Complaint") in Washington against a TQT, and attempted to serve the Complaint by serving it on United States Corporation Agents, Inc. at 299 S. Main Street #1300, Salt Lake City, Utah, 84111 on September 24, 2014. On September 24, 2014, United States Corporation Agents, Inc. was not the registered agent for TQT and is not authorized under Washington (or Utah) law to accept service of process. Service of Process must therefore be quashed.

Furthermore, even if the Summons and Complaint were properly served, it would be improper to assert personal jurisdiction over TQT under the Long Arm Statute, RCW § 4.28.185. TQT is neither registered to do business in Washington nor does it do business in Washington. Moreover, TQT has not engaged in any activity within Washington. Thus, there are no acts on the part of TQT that constitute the transaction of business within the State of Washington.

The Complaint alleges TQT is subject to personal jurisdiction. TQT has not offered products for sale in Washington or committed acts of trademark infringement in Washington or placed infringing products into the stream of commerce in Washington.

In addition, the exercise of personal jurisdiction over TQT in this case would be inconsistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The claims asserted by Plaintiff do not arise directly from any minimum contacts TQT might have had with the State of Washington. TQT never purposefully availed itself of the privilege of conducting business within Washington. The Complaint does not allege any conduct on the part of TQT that would give TQT "fair warning" that it might be subject to jurisdiction in the State of Washington.

## II. BACKGROUND

TQT is a limited liability company organized under the laws of the state of Utah, having its principal place of business in the State of Utah. During the time period relevant to the Complaint, as well as presently, TQT was not organized under Washington law, and has not been authorized to transact business in the State of Washington. TQT does not have any offices in the State of Washington, nor does it own or lease any real property in Washington. TQT does not conduct any business in Washington. TQT has not consented to jurisdiction in Washington and has not designated any person in Washington to accept service of process on its behalf. TQT has never been served with the Complaint in this matter. Although Plaintiff has filed a Declaration of Service, the party served, United States Corporation Agents, Inc., was not the registered agent for TQT on 24 September, 2014. *See* Affidavit of J. Seth Anderson.

## III. ARGUMENT AND AUTHROTIES

**A. The Summons Must Be Quashed Because TQT Was Never Served.** "Pursuant to Fed. R. Civ. P. 12 (b)(5), a party may move to dismiss a case for insufficient service of process." *Segle v. PNC Mortg.*, 2011 U.S. Dist. LEXIS 31373 (W.D. Wash. Mar. 25, 2011). A "… court lacks jurisdiction in the absence of proper service of process…" *In re Marriage of Leisy*, 2002 Wash. App. LEXIS 3164 (Wash. Ct. App. Dec. 23, 2002). When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. Cal. 2004)(citation omitted). Because TQT was never served, this Court has no jurisdiction over TQT.

If, as in this case, the defendant is a limited liability company, service may be effected in one of two ways: (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive

service of process," or (2) by following state law for service in the state where the federal district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A)-(B).

Washington law generally provides for service upon a limited liability company by delivering a copy of the summons and the complaint to "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW § 4.28.080. Washington law also allows service of process on unregistered foreign limited liability companies that do business in Washington by serving the secretary of state as its agent. RCW § 25.15.360.

TQT objects to personal jurisdiction over it because it does not conduct any business in Washington. *See* affidavit of Michael Ferguson. Additionally, Plaintiff did not deliver the complaint to an officer, president, managing agent, registered agent or any other agent authorized by appointment or by law to receive service of process for TQT. Service was never effectuated.

The Plaintiff's attempted service of process by serving a copy of the Complaint on United States Corporation Agents, Inc. on 24 September 2014. United States Corporation Agents, Inc. was not the registered agent for TQT on 24 September 2014. *See* Affidavit of J. Seth Anderson. The service was therefore invalid.

Relying on state law for service in the state (Utah) where the where service is made is equally unavailing because Utah has a similar service requirement for limited liability companies. Utah R. of Civ. P, Rule 4(d)(1)(E), states that service on a company shall be made "by delivering a copy of the summons and the complaint to an officer, a managing or general

agent, or other agent authorized by appointment or by law to receive service of process." *Id.* Thus, service of process fails under Utah law for the same reasons it fails under Washington law.

### B. TQT IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS ACTION.

Even if TQT had been properly served, *arguendo only*, the Complaint must be dismissed for lack of personal jurisdiction. "Under Fed.R.Civ.P. 12(b)(2), the court must dismiss a claim if the court lacks personal jurisdiction over the defendant. It is plaintiff's burden to establish a prima facie case of personal jurisdiction by alleging facts that, if true, would support jurisdiction." *See, e.g., Rose v. Miss Pac., LLC,* 2009 U.S. Dist. LEXIS 17943, 8-9 (W.D. Wash. Mar. 9, 2009). Plaintiff asserted no *personal* jurisdictional basis in the Complaint. *See* Complaint ¶6-dealing only with subject matter jurisdiction.

In the absence of a specific federal statute expanding the personal jurisdiction of the federal courts, the extent of this Court's personal jurisdiction is coterminous with that of a Washington court of general jurisdiction. *See, e.g.,* Fed. R. Civ. P. Rule 4(k); *Submersible Systems, Inc. v. Perforadora Central SA de C.D.,* 249 F.3d 413, 418 (5th Cir. 2001). Consequently, the issue whether this Court has personal jurisdiction over TQT in this case must be determined under Washington law.

"For general jurisdiction to exist over a nonresident defendant, that defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Rose v. Miss Pac., LLC,* 2009 U.S. Dist. LEXIS 17943 (W.D. Wash. Mar. 9, 2009) *citing Schwarzenegger v. Fred Martin Motor Company,* 374 F.3d 797, 801 (9th Cir. 2004). The Ninth Circuit has stated that "the level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines,* 897

F.2d 377, 380 (9th Cir. 1990) *citing Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

This Court must conduct a two-step inquiry to determine whether it has personal jurisdiction over the non-resident defendant TQT. *See Doe v. Unocal Corp.*, 248 F.3d 915, 921-922 (9th Cir. 2001) (applying Washington long arm statute). First, the Court must determine whether the exercise of personal jurisdiction over TQT would be appropriate under the Washington Long Arm Statute. *Id.* Second, if and only if the Washington long arm statute provides for the exercise of personal jurisdiction over TQT, the Court must also consider whether exercising jurisdiction over TQT in this case would comport with constitutional due process. Id.

### 1. The Washington Long Arm Statute Does Not Provide For Jurisdiction Over TQT.

TQT is a foreign limited liability company under RCW § 25.15.005 since it was not formed under the laws of Washington. For a nonresident defendant, "there are three basic factors which must coincide if jurisdiction is to be entertained…(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." *Tyee Constr. Co. v. Dulien Steel Prods.*, 62 Wn.2d 106, 115-116 (Wash. 1963).

The exercise of personal jurisdiction over a nonresident company is governed by RCW § 4.28.185, which provides, in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: (a) *The transaction of any business within this state*; (b) The commission of a tortious act within this state; (c) The ownership, use, or possession of any property whether real or personal situated in this state;...

RCW § 4.28.185 (emphasis added). TQT has limited its analysis of the Washington Long Arm Statute to the "transacting business" provision set forth in RCW § 4.28.185(1)(a).

During the time period relevant to the Complaint, as well as presently, TQT has not been organized or existing under Washington law, and has not been authorized to transact business in the State of Washington. TQT does not have any offices in the State of Washington, nor does it own or lease any real property in Washington. TQT does not conduct any business in Washington. TQT has not consented to jurisdiction in Washington and has not designated any person in Washington to accept service of process on its behalf. Further, TQT never reached out to Plaintiff or Washington. The express language of RCW § 4.28.185 makes clear that personal jurisdiction may be exercised over a nonresident only if the cause of action arises from the nonresident's acts in the State of Washington. *Tyee Constr. Co. v. Dulien Steel Prods.*, 62 Wn.2d 106, 114 (Wash. 1963).

**2. Due Process is not Met in this Case**. In addition to the long-arm statute, plaintiffs must also show that the Court's exercise of personal jurisdiction over defendants comports with due process. See *Tyee Constr. Co. v. Dulien Steel Prods.*, 62 Wn.2d 106 (Wash. 1963). TQT has had no business interactions with the state of Washington. *See* affidavit of J. Seth Anderson. Any conclusion that TQT would be subject to in personam jurisdiction in

Washington would offend traditional notions of fair play and substantial justice within the contemplation of the due process clause. In order to properly exercise personal jurisdiction over a nonresident, the Due Process Clause requires "that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there." *Id., quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2182 (1985). Consequently, the exercise of jurisdiction over a nonresident defendant is only permissible if (1) the defendant has certain "minimum contacts" with the forum sufficient to demonstrate that it has "purposefully availed itself" of the privilege of conducting activities in the forum, and (2) there is a sufficient nexus between the defendant's minimum contacts with the forum and the claim asserted against it. *Id.* at 1267.

There are no minimum contacts with Washington on the part of TQT to support jurisdiction in this case. TQT is a Utah, not a Washington, limited liability company. TQT has never done anything in Washington. TQT does is not registered to do business in Washington and does not conduct business in Washington. There is simply no basis to conclude that TQT would be subject to the jurisdiction of the courts of Washington for a claim having nothing to do with Washington. Furthermore, because there are insufficient minimum contacts to begin with, there is clearly an insufficient nexus with the forum and the claims asserted against TQT. Therefore, Plaintiff fails to meet the due process requirement to exercise personal jurisdiction over TQT.

## IV. CONCLUSION

For all of the foregoing reasons, there was no service of process on TQT and there is no basis for the exercise of personal jurisdiction over TQT in Washington. TQT therefore respectfully requests that the Complaint be dismissed.

DATED this 15th day of October, 2014.

The Queens' Tea, LLC

By: _____
J. Seth Anderson
Managing Member
423 W. 800 S. #A109
Salt Lake City, UT 84101

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2014, I caused to be served by the method indicated below a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on the following:

| | | |
|---|---|---|
| X | VIA EMAIL | Kevin S. Costanza |
| __ | VIA HAND DELIVERY | SEED IP Law Group, PLLC |
| X | VIA U.S. MAIL | 701 Fifth Avenue, Suite 5400 |
| __ | VIA ELECTRONIC FILING | Seattle, Washington 98104 |
| | | KevinC@Seedip.com |

*[signature]*