Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUEEN MARY, INCORPORATED, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>The Queens' Tea, LLC, a Utah Limited Liability Company,<br><br>Defendant. | Civil Action No. 14cv1385-RSL<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH THE SUMMONS AND TO DISMISS THE COMPLAINT FOR LACK OF IN PERSONAM JURISDICTION |

Plaintiff Queen Mary, Incorporated ("Queen Mary" or "Plaintiff"), by and through its counsel, opposes The Queens' Tea, LLC's ("TQT" or "Defendant") Motion to Quash the Summons and to Dismiss the Complaint For Lack of in Personam Jurisdiction as follows:

I. **INTRODUCTION**

Defendant submitted a motion to quash the summons and dismiss the complaint, which was signed and served by J. Seth Anderson, the Defendant LLC's managing member. Defendant's motion is meritless and should be denied.

Defendant's argument that this Court lacks personal jurisdiction depends on a sworn affidavit that is demonstrably false. Although Mr. Anderson testified under oath that

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................................ 1

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

Defendant has transacted no business in Washington, Queen Mary has evidence that Defendant sold an infringing product to a Washington resident and shipped the infringing product to Washington State.  (*See* Nov. 10, 2014 Decl. of Eric A. Lindberg ¶¶ 3–4 and Exs. A and B (hereinafter "Lindberg Decl.").)  Defendant's incredible reliance on a false affidavit cannot defeat the prima facie case of personal jurisdiction Queen Mary establishes through evidence and the factual allegations in the complaint.

Further, Defendant is incorrect when it asserts that, as a result of Defendant's last-minute switch in process agent, Queen Mary has not satisfied Federal Rule of Civil Procedure 4 ("Rule 4").  Queen Mary's service substantially complied with Rule 4, Defendant actually received the complaint, and Defendant cannot demonstrate any prejudice or lack of notice.

Queen Mary respectfully requests that the Court deny Defendant's motion, and order Defendant to retain counsel to answer the complaint on its behalf.  In the alternative, the Court should strike the entire motion from the record because The Queens' Tea, LLC is a business entity and must be represented by counsel in order to appear in this Court.

## II. BACKGROUND

### A. Queen Mary and the Queen Mary Marks

Plaintiff Queen Mary owns and operates the Queen Mary Tea Room™, the oldest independent tea room in America.  (Compl. ¶ 7, Dkt. No. 1 (hereinafter "Compl.").)  The Queen Mary Tea Room offers restaurant and retail store services in Seattle, Washington, and is famous among tea enthusiasts.  (*Id.*)  In addition, Queen Mary has used the marks Queen Mary™, The Queen's Rules®, Tea Queen®, and Queen Mary Tea Emporium™ ("the Queen Mary marks") in connection with the marketing and sale of a wide variety of goods and services, including: tea room and restaurant services; wholesale services in the field of tea and

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................. 2

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

related goods; retail services in the field of tea and tea accessories, such as teapots, aprons, gifts, and portable mugs; and packaged loose-leaf teas. (*Id.* ¶ 8.)

For example, Queen Mary owns U.S. Trademark Reg. No. 4,586,102 for The Queen's Rules and has used the mark since February 20, 2012 in connection with the marking and sale of a variety of teas. (*Id.* ¶¶ 9–10.) As another example, Queen Mary owns U.S. Trademark Reg. No. 4,559,867 for Tea Queen and has used the mark since November 25, 2013 in connection with shop-at-home tea parties and direct sales services in the field of tea, tea accessories, and housewares. (*Id.* ¶¶ 11–12.)

### B. The Queens' Tea's Infringing Marks

Defendant is a Utah limited liability company that started doing business on or about November 2012. (*Id.* ¶¶ 3, 14.) Defendant markets and sells loose-leaf tea and tea-related accessories under the mark "The Queens' Tea." (*Id.* ¶ 17.) On June 12, 2013, Defendant filed an application with the U.S. Trademark Office seeking to register The Queens' Tea for various tea-related goods and services, but the application was rejected. (*Id.* ¶¶ 15–16.) Defendant abandoned its trademark application on May 27, 2014. (*Id.* ¶ 16.)

On November 20, 2013, Queen Mary sent a letter notifying Defendant of Queen Mary's senior rights in the Queen Mary marks. (*Id.* ¶ 18.) Queen Mary specifically informed Defendant about its senior rights in the Tea Queen and The Queen's Rules marks, and demanded that Defendant cease the use of the mark The Queens' Tea. (*Id.*) Queen Mary sent another letter to Defendant on July 18, 2014. (*Id.* ¶ 21.) But instead of ceasing the use of The Queens' Tea and transitioning to another mark, Defendant adopted and began use of the mark "Tea Queen," which is identical to one of Plaintiff's registered marks. (*Id.* ¶ 23.)

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................ 3

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

Defendant markets and sells products, promotional merchandise, and marketing materials bearing the infringing Tea Queen and The Queens' Tea marks. (*Id.* ¶ 23.) Upon information and belief, a substantial portion of Defendant's marketing and sales activities occur by way of Defendant's website, http://www.thequeenstea.com/. Through its website, Defendant has marketed its infringing marks to, among others, residents of Washington State, has sold infringing goods to residents of Washington State, and has shipped infringing goods into Washington State. (*Id.* ¶ 24.) In particular, Defendant marketed and sold, at least, t-shirts prominently displaying the infringing Tea Queen mark. (*Id.* ¶ 17.) Plaintiff has evidence that Defendant has sold at least one t-shirt bearing the mark Tea Queen and shipped it to Washington State. (Lindberg Decl. ¶¶ 3–4 and Exs. A and B.)

### C. Queen Mary's Complaint and The Queens' Tea's Evasion of Service

On Monday, September 8, Queen Mary filed a complaint for willful trademark infringement, unfair competition, and unfair business practices. (Dkt. No. 1.) That same day, Queen Mary sent via email a copy of the complaint, showing that it had been filed and assigned a docket number, and a letter to S. Brandon Owen, who was representing Defendant at the time. (Nov. 10, 2014 Decl. of Anne Calico ¶ 5 and Ex. B (hereinafter "Calico Decl.").) The letter informed Defendant that the Queen Mary had filed the attached complaint, and that unless the parties reached an agreement, Queen Mary would serve Defendant by the end of the week. (Calico Decl. Ex. C.) In preparation for serving Defendant, a litigation paralegal to counsel for Queen Mary checked and verified Defendant's service information. As of September 11, Defendant's registered agent was United States Corporation Agents, Inc., with a service address of 299 S. Main St., #1300, Salt Lake City, UT 84111. (Calico Decl. ¶ 6 and Ex. A)

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................ 4

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

At the request of Defendant's counsel, Queen Mary refrained from serving Defendant's agent with the complaint and held service so that the parties could discuss a possible settlement. Ultimately, Queen Mary informed Defendant's counsel that it would serve process on September 19 unless the parties could reach an agreement. (Calico Decl. ¶ 7.)

On September 18, a litigation paralegal again checked and verified Defendant's service information. As of September 18, Defendant's registered agent was still United States Corporation Agents. (Calico Decl. ¶ 8.) Queen Mary provided a process server with the complaint and a summons for Defendant. (*See* Dkt. No. 5 at 3.) The process server attempted service on Friday, September 19; when the server went to the agent's address, however, the business was closed and no one was there to accept service. (Calico Decl. ¶ 9.) On Monday, September 22, a litigation paralegal checked yet again and verified that Defendant's registered agent was still United States Corporation Agents. (Calico Decl. ¶ 10.) Queen Mary contacted the process server and instructed the server to make repeated attempts to serve process on Defendant. Service was effectuated on September 24. (Calico Decl. ¶ 11; Dkt. No. 5.)

Meanwhile, knowing the complaint had been filed and that service was imminent, and having already received a courtesy copy of the complaint through its attorney, Defendant changed its registered agent from United States Corporation Agents to J. Seth Anderson, a managing member of The Queens' Tea, LLC. Apparently, according to Mr. Anderson's affidavit, he appointed himself as the registered agent for the Defendant LLC and changed the service address at some point during the day on Monday, September 22. (Dkt. No. 6-2 at 5.) The Utah Secretary of State Corporation Division's website shows that it updated Defendant LLC's information on September 23 to reflect the change in agent and the change in service address. (Calico Decl. ¶ 12 and Ex. D.)

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................ 5

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

Mr. Anderson filed and served a motion to quash and to dismiss for lack of personal jurisdiction on behalf of the Defendant LLC. (Dkt. No. 6-1.) Mr. Anderson is the registered agent and managing member of the Defendant LLC and, evidently, had actually received a copy of Queen Mary's complaint. Mr. Anderson also filed notarized affidavits in support of Defendant's motion. (Dkt. No. 6-2.) Mr. Anderson's affidavit states, among other things, that Defendant has never sold any products into the State of Washington. (Dkt. No. 6-2 at 1–2.)

### III. ARGUMENT

#### A. This Court Has Personal Jurisdiction Over The Queens' Tea

Queen Mary's complaint sufficiently alleges a prima facie case of personal jurisdiction. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). Defendant argues, however, that it is not subject to personal jurisdiction because "TQT does not conduct any business in Washington." (Dkt. No. 6-1 at 7; Dkt. No. 6-2 at 1–2.)

Because the Washington long-arm statute reaches as far as the Due Process Clause of the United States Constitution, the question of personal jurisdiction in this case "is whether the exercise of jurisdiction would comply with due process." *Omeluk v. Langste Slip & Batbyggeri*, 52 F.3d 267, 269 (9th Cir. 1995). For a Court in Washington State to have personal jurisdiction over an out-of-state defendant, that defendant must "have certain minimum contacts with [Washington State], such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted).

At this stage in the proceedings, and without the benefit of jurisdictional discovery, Queen Mary reserves the right to allege general personal jurisdiction for Defendant in Washington State. Nevertheless, Defendant is subject to specific jurisdiction here based on

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................. 6

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

"the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). The Ninth Circuit analyzes specific jurisdiction for tort-based cases (e.g., willful trademark infringement) under a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; . . .
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). A single contact with a forum state may support jurisdiction if the cause of action arises out of that particular intentional contact. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006).

In the complaint, Queen Mary alleged: "Defendant is subject to personal jurisdiction the Western District of Washington because Defendant offers its products for sale in this district, [has] committed acts of trademark infringement in this district, and [has] placed infringing products into the stream of commerce in this district, . . . ." (Compl. ¶ 6.) Queen Mary further alleged that Defendant ships products bearing infringing marks to Washington State. (*Id.* ¶ 24.)

In the face of these allegations, Mr. Anderson submitted an affidavit and stated under oath that "TQT has never conducted any business or had any business dealings in the State of Washington. TQT has never entered into any contract or agreement with any person or entity in the State of Washington. TQT has never sold any products into the State of Washington." (Dkt. No. 6-2 at 1–2.)

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
............................................................................ 7

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

But Mr. Anderson's affidavit is demonstrably false.  Defendant has shipped a T-Shirt into Washington State bearing the Tea Queen mark that is at the center of the willful trademark infringement lawsuit, along with a receipt bearing the The Queens' Tea mark at the bottom:



(Lindberg Decl. ¶¶ 3–4 and Exs. A and B.)  As Queen Mary alleged, Defendant offers infringing products to Washington consumers via its web site and indeed has sold infringing products to Washington residents and shipped them into Washington State.  And who knows how many other products Defendant has shipped into Washington State?  Mr. Anderson, at best, did not bother to verify where his company had offered, sold and shipped products before testifying, and at worst submitted his affidavit with intent to deceive the Court and to have Queen Mary's complaint unlawfully dismissed.

In light of evidence that flatly contradicts Mr. Anderson's false affidavit, Defendant's contention that they have "never sold any products into the State of Washington" is untenable

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................................ 8

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

and entitled to no weight. *See Schwarzenegger*, 374 F.3d at 800 ("Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."). And based on allegations in Queen Mary's complaint—which are controverted only by a false declaration—and on actual evidence provided by Queen Mary in support, Defendant has purposefully directed business activities at consumers in Washington State by selling products on its website and shipping product bearing infringing marks to a Washington address. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674–79 (9th Cir. 2012) (holding that plaintiff established personal jurisdiction for willful copyright infringement under the *Calder* effects test based on defendant's sale of allegedly infringing boots after receiving cease-and-desist letters from plaintiff) (citing *Calder v. Jones*, 465 U.S. 783 (1984)); *California Bd. Sports, Inc. v. Griffin*, No. 10-CV-1849, 2011 WL 671960, at *4 (S.D. Cal. Feb. 14, 2011) (holding that plaintiff established a prima facie showing of personal jurisdiction based on defendant's interactive commercial website, shipment of a product to San Diego, and demand letter correspondence between the parties).[1]

Under the Due Process Clause, Defendant's actions are sufficient to satisfy minimum contacts and establish a prima facie case of specific personal jurisdiction for the purpose of this trademark infringement and unfair business practices lawsuit. If the Court disagrees, Queen Mary respectfully requests that it be permitted to conduct jurisdictional discovery in order to establish personal jurisdiction over Defendant.

---

[1] If Queen Mary establishes purposeful direction and relation of the claim to Defendant's activities, the burden is on Defendant to establish a compelling case that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). Defendant's only argument that the exercise of jurisdiction would be unreasonable is based on Mr. Anderson's demonstrably false testimony that Defendant transacts no business in Washington. Further, Defendant is capable of litigating in this forum and Washington has an interest in protecting its residents from intentional trademark infringement. In light of these facts, Defendant's case of unreasonableness is not compelling.

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................................ 9

### B. Queen Mary's Service Satisfies Rule 4

Defendant argues that the summons must be quashed and the case dismissed for lack of jurisdiction because Defendant was never served.  Defendant's argument fails because Queen Mary substantially complied with Rule 4.  "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).  "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Id.* Because Queen Mary provided sufficient notice to Defendant, and Defendant failed to make any showing of prejudice as a result of any technical defect in Queen Mary's service, Queen Mary's service substantially complies with Rule 4.

Under Rule 4, a corporation may be served either (A) following the law of the state in which the district court is located or (B) by delivering a copy of the summons and the complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(A), (B).  The Ninth Circuit, however, applies a flexible approach to Rule 4, and permits courts to find sufficient service where there is a good faith effort to comply with the requirements of Rule 4. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135–36 (9th Cir. 2009). Queen Mary's good faith effort to comply with Rule 4 resulted in the Defendant receiving actual notice and no prejudice to the Defendant.

First, Queen Mary delivered a copy of the complaint in advance of service to Defendant through Defendant's counsel, and informed Defendant that service of process would occur after a certain date.  There is no dispute that Defendant received actual notice—after all, Defendant's

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
.................................................................................. 10

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

new registered agent is none other than Mr. Anderson, the managing member of the Defendant LLC, who signed and filed the motion to quash and to dismiss.

Second, Defendant makes no argument that it suffered any prejudice by the defect in service. Defendant was able to appear and timely filed the motion to quash and dismiss.

Third, but-for Defendant's last-minute switch in registered agent, Queen Mary would unquestionably have complied with Rule 4(h)(1). Queen Mary was diligent in ascertaining Defendant's registered agent and the corresponding address, and justifiably relied on the information provided by the Utah Secretary of State. Only because Queen Mary held off on service—at Defendant's request—and provided notice that it was about to serve Defendant was Defendant able to dodge service by switching agents at the last minute. *See Brenneke*, 551 F.3d at 1135–36 (finding substantial compliance in the light of evidence of physical evasion of personal service); *Jones v. Auto. Club of S. California*, 26 F. App'x 740, 744 (9th Cir. 2002) ("Evasion of service can support a claim of good cause for failure to complete service.").

Fourth, quashing service and requiring subsequent service would burden the resources of the parties and the Court. Because there is no prejudice to Defendant, actual knowledge was accomplished, and the technical defect in service was the result of Defendant's last-minute switch in registered agent, Queen Mary respectfully requests that the Court find that it substantially complied with Rule 4. *See, e.g.*, *Fasugbe v. 1524948 Alberta Ltd.*, No. 2:10-2320 WBS, 2011 WL 333244, at *2 (E.D. Cal. Jan. 31, 2011) (finding substantial compliance).[2]

---

[2]   Queen Mary's service substantially complied with Washington State law, too. The focus of the Washington State substantial compliance analysis is whether a party received actual notice. *See generally Bell v. City of Tukwila*, No. C10-379-TSZ-BAT, 2011 WL 1087760, at *3 (W.D. Wash. Feb. 2, 2011) (Tsuchida, Mag. J.) *adopted as modified*, No. C10-379, 2011 WL 1045586 (W.D. Wash. Mar. 21, 2011) (citing Washington caselaw)

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
................................................................................ 11

In the event that the Court disagrees, Queen Mary respectfully requests leave to serve Defendant by hand in order to cure defective service. *See* Rule 4(m).

### C. Alternatively, The Queens' Tea LLC's Motion Should Be Stricken

Managing Member J. Seth Anderson signed, filed, and served Defendant The Queens' Tea, LLC's motion to quash and to dismiss. Upon information and belief, Mr. Anderson is not an attorney. Defendant The Queens' Tea, LLC is a business entity and must be represented by counsel in order to appear in this Court. Local Rules W.D. Wash. LCR 83.2(b)(3) ("A business entity, except a sole proprietorship, must be represented by counsel."); *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities.").

Mr. Anderson is not permitted to appear pro se in his capacity as managing member of Defendant, and his motion is therefore prohibited. If the Court does not deny Defendant's motion, Queen Mary respectfully requests that the Court strike this motion and direct Defendant to hire an attorney to appear on its behalf.

### IV. CONCLUSION

Defendant's pro se motion should be denied on the merits, or at least stricken from the record. Queen Mary respectfully requests that the Court order Defendant to retain counsel and answer the complaint.

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
............................................................................ 12

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

DATED this 10th day of November, 2014.

        SEED IP Law Group PLLC

        s/Eric A. Lindberg
Eric A. Lindberg WSBA No. 43596
EricL@SeedIP.com
Kevin S. Costanza WSBA No. 25153
KevinC@SeedIP.com
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
Telephone:  206.622.4900

Attorneys for Plaintiff
QUEEN MARY, INCORPORATED

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
............................................................................. 13

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served on Defendant The Queens' Tea LLL care of its managing member J. Seth Anderson as follows:

The Queens' Tea, LLC
c/o J. Seth Anderson
423 W. 800 South #A109
Salt Lake City, UT 84101
*Via U.S. first class mail and Federal Express*

         s/Eric A. Lindberg
         Eric A. Lindberg

OPPOSITION TO MOTION TO QUASH/DISMISS
(14cv1385-RSL)
............................................................................. 14

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900