UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
QUEEN MARY, INCORPORATED,              )
                                       )
                Plaintiff,             )   No. C14-1385RSL
                                       )
        v.                             )   ORDER STRIKING DEFENDANT'S
                                       )   MOTION TO QUASH THE
THE QUEENS' TEA, LLC.,                 )   SUMMONS AND TO DISMISS
                                       )   THE COMPLAINT
                Defendant.             )
_____)

This matter comes before the Court on Defendant's "Motion to Quash the Summons and to Dismiss the Complaint for Lack of In Personam Jurisdiction" (Dkt. # 6). This Motion was signed and filed by J. Seth Anderson, the Managing Member of The Queens' Tea, LLC. There is no indication that Mr. Anderson is a lawyer admitted to practice before this Court. Defendant is hereby advised that a business entity, other than a sole proprietorship, must be represented by counsel admitted to practice before this Court. LCR 83.2(b)(3). *See also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]he rationale for that

ORDER STRIKING DEFENDANT'S
MOTION TO QUASH THE SUMMONS                      1
AND TO DISMISS THE COMPLAINT

rule applies equally to all artificial entities.").[1]  Because Mr. Anderson is not an attorney admitted to practice before this Court, he cannot sign and file documents on behalf of the Defendant, a business entity.  The motion was therefore improperly filed.

Defendant shall have forty-five days from the date of this Order to retain counsel and have counsel respond to the complaint.  Counsel may reassert the arguments presented in Defendant's Motion.  Defendant is hereby advised that if it does not retain counsel and respond to the complaint in the time provided, default judgment will be entered against it.  *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (noting that it was "perfectly appropriate" for the district court to enter default judgment when a business entity failed to retain counsel after being ordered to do so).

For the foregoing reasons, Defendant's "Motion to Quash the Summons and to Dismiss the Complaint for Lack of In Personam Jurisdiction" (Dkt. #6) is hereby STRICKEN.  Defendant shall retain counsel and respond to the complaint by January 15, 2015 or default judgment shall be entered against Defendant.

Dated this 1st day of December, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Court Judge

---

[1] In addition to being able to defend this suit in federal court, Defendant will benefit from having the expert advice of counsel on appropriate behavior.  For example, counsel may have advised against a last-minute change in an agent authorized to receive service, or making categorical denials of ever selling products into Washington when there is evidence to the contrary, as the Court could view this type of behavior as deceptive.

ORDER STRIKING DEFENDANT'S
MOTION TO QUASH THE SUMMONS
AND TO DISMISS THE COMPLAINT

2